IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Brenton Smith, Plaintiff,

v.

United States, Defendant.

Civil Action No. 1 1:25-cv-00066-SEG
EMERGENCY RELIEF REQUESTED

## EMERGENCY MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

COME NOW Plaintiff, Brenton Smith, respectfully requests from this Court a preliminary injunction as set out below pursuant to Fed. R. Civ. P. 65(a) in case number 1 1:25-cv-00066-SEG based on good cause as follows:

## BRIEF HISTORY

(1) On January 5th, 2025, President Joe Biden signed the "Social Security Fairness Act of 2023" into law.

(2) On January 9th, 2025, Plaintiff filed a civil complaint (Civil Action No. 1 1:25-cv-00066-SEG) asserting that the expenses authorized by that law are unconstitutional.

(3) On January 9th, 2025, Plaintiff provided Respondent with a legal game plan so that parties could find a resolution to the dispute as rapidly as possible.

(4) On February 5th, 2025, Plaintiff filed a motion for an expedited hearing.

(5) On March 5th, 2025, the Social Security Administration issued a statement that "The Social Security Administration (SSA) today shared its significant progress to quickly implement the Social Security Fairness Act. Through March 4, 2025, SSA has already paid 1,127,723 people more than $7.5 billion in retroactive payments."[1]

---

[1] www.blog.ssa.gov/social-security-pays-billions-of-dollars-in-retroactive-payments/

As of today, Respondents have not filed a response to the complaint but have authorized the Social Security Administration to pay expenses authorized by this legislation.

## PLAINTIFF BEGS FOR A TEMPORARY INJUNCTION

Plaintiff begs this Court to issue a temporary injunction on the implementation of the "Social Security Fairness Act of 2023" until such time that Respondents respond to 3 fairly simple questions, listed below.

Plaintiff seeks a ruling on an emergency basis because his case will suffer irreparable harm due to the law's effects. As these checks go out, this case will become infinitely more difficult to settle the dispute because the payments create a perception that the money is actually owed to these beneficiaries. Plaintiffs respectfully request a decision by March 17, 2025.

## LEGAL ARGUMENT

Plaintiff intends to show that the "Social Security Fairness Act of 2023" does not aid in the general welfare, and represents a plainly arbitrary decision of Congress.

(1) Social Security was deemed to be Constitutional in Helvering V Davis (1937), "Constitution, Art. I, section 8; Congress may spend money in aid of the "general welfare." As part of that decision, the Supreme Court instructed all Courts in the United States to respect the will of Congress… "unless the determination of Congress is plainly arbitrary".
(2) The word "unless" means that federal courts have the right to review all amendments to the Social Security Act. Further, the word "unless" means that the passage of a law alone does not sufficiently demonstrate that a law is not arbitrary.
(3) Arbitrary means without a plan. As such, Plaintiff intends to show that the "Social Security Fairness Act of 2023" is plainly arbitrary. (a) there is no unique need in the population served by which the expenses authorized by this law could aid in the general

welfare (b) the expenses are financed by the reduction of benefits paid to future retirees - whose general welfare will be greatly harmed. (c) The expenses authorized by this legislation will create an economic incentive for people to not use Social Security. If Social Security is a public good (and aids the general welfare), it is not possible to aid the general welfare by paying people to not use Social Security.

## **PUBLIC INTEREST**

For the good of the public, this complaint should be resolved as quickly as possible. Delay in the resolution to this complaint represents a public health hazard.

(1) The Trustees of the Social Security Trust Fund are likely working on that forecast right now. That forecast will dictate the discussion of Social Security reform for the next year. This program serves tens of millions of people as a life line.
(2) Millions are planning how to spend this money created by the unconstitutional act of Congress.
(3) Millions are planning claiming strategies that will last a lifetime. These individuals need clarity on whether Social Security will be there for them in its present form.

Under current law, the Trustees of the Social Security Trust Funds believe that the Trust Fund for the old-age and survivors program in 2033[2]. Under current law, benefit levels will be reduced. While current law establishes that benefits will be reduced once the Trust Fund is exhausted, current law does not tell the Social Security Administration how to apply the system-wide reductions to the individual beneficiaries. There is no plan.

---

[2] www.ssa.gov/oact/TR/2024/II_E_conclu.html#86802

## 3 QUESTIONS

Plaintiff acknowledges that a lack of formal training in law opens the possibility that he is simply wrong. If Respondents provide the answer to 3 questions, <u>it is possible that this complaint goes away entirely.</u>

1) The basis of this complaint is Helvering v. Davis | 301 U.S. 619 (1937). It is possible that Plaintiff does not have the most current case law, and Plaintiff requests Respondents to acknowledge whether this case law is appropriate, or whether there is more relevant case law to support the constitutionality of the legislation.
2) It is possible that Plaintiff missed a part of the discussion in which Congress established a plan, a purpose for the increased spending today. It is possible that individuals - like a Jill Biden (a life long educator) or a Melania Trump (someone who might be eligible for a foreign pension) - have a need for increased benefits in their retirement years. Specifically, the law as written will give two teachers with like earnings histories very different benefit patterns. **What is the unique need created by working without contributing to Social Security that requires the incremental benefits in old age?**
3) Assuming that there is a public need that justifies the incremental expenses authorized by the "Social Security Fairness Act of 2023", Congress appears to have given no thought - as required by Helvering - to how to finance the increase in expenses? **Why did Congress authorize the increase in expenses to those who didn't contribute to Social Security, to be financed by future retirees who did contribute to the program?**

WHEREFORE, Plaintiff respectfully requests that the Court issue an injunction upon Respondents for all actions related to the Social Security Fairness Act of 2023..

Dated: March 5, 2025
Respectfully submitted,


Brenton Smith, Pro-Se

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the Petitioner's Complaint and Summons via certified mail to:

Richard S. Moultrie, Jr.
Acting U.S. Attorney for the Northern District Of Georgia
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

The Honorable Pamela Bondi
Acting Attorney General of the United States
950 Pennsylvania Ave., NW,
Washington, D.C. 20530

**As Courtesy Copies**

Acting Commissioner Leland Dudek
Office of the General Counsel
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

Assistant Attorney General for Administration
U.S. Department of Justice
Justice Management Division
950 Pennsylvania Avenue, NW
Room 1111
Washington, DC 20530

Respectfully submitted this 5th day of March, 2025.


Brenton Smith
brentoncsmith@yahoo.com