IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRENTON SMITH,<br><br>     Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA and PAMELA J. BONDI, United States Attorney-General,<br><br>     Defendants. | Civil Action File No.<br>1:25-CV-00066-SEG |

## DEFENDANTS' MOTION TO DISMISS
## AND BRIEF IN SUPPORT THEREOF

The United States of America and Pamela J. Bondi,[1] United States Attorney General ("Defendants") move to dismiss Plaintiff Brenton Smith 's Complaint for a Civil Case (Doc. 1) ("Compl.") and, in support, show as follows.

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Brenton Smith, *pro se*, is seeking an injunction that stays the enforcement of The Social Security Fairness Act (SSFA) and requires Congress to "pay for its excesses from the General Fund."  Compl. at 5.  Smith alleges that the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), current U.S. Attorney General Pamela Bondi is automatically substituted for former U.S. Attorney General Merrick Garland.

SSFA, which was signed into law by President Biden on January 6, 2025, causes "overly generous benefits" to be given to individuals who choose to work for an employer who does not participate in Social Security. Compl. at 4. He contends that this creates a financial incentive to opt out of Social Security, thus shifting the cost to individuals who work for employers who do participate in the program. *See id.* As a result, Smith alleges, the SSFA does not aid the "general welfare" of the country. *See id.*

Smith's complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim. As to the former, Smith lacks Article III standing because he alleges only generalized grievances about the conduct of government rather than any concrete and particularized injury to himself. As to the latter, even if Smith had standing, he has failed to state a claim for a constitutional violation or any other private right of action. Accordingly, this Court should dismiss Smith's complaint.

## II.    ARGUMENT AND CITATION TO AUTHORITY

### A. This Court lacks subject matter jurisdiction over the complaint because Smith fails to allege facts demonstrating Article III standing.

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. If the Court lacks subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3). The

plaintiff bears the burden of showing that subject matter jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

"Federal courts are courts of limited jurisdiction." *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The most notable—and most fundamental—limits on federal 'judicial Power' are specified in Article III of the Constitution, which grants federal courts jurisdiction over only enumerated categories of 'Cases' and 'Controversies.'" *Id.* (citing U.S. Const., art. III, § 2). Standing is a threshold and essential part of the case-or-controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62 (1992).

At the pleading stage, the plaintiff must clearly allege facts demonstrating each of the three elements of standing: (a) an injury in fact, (b) that is fairly traceable to the challenged conduct of the defendants, and (c) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). When a plaintiff lacks Article III standing, a district court lacks jurisdiction to consider the merits of the plaintiff's claim. *Gardner*, 962 F.3d at 1344.

An "injury in fact" requires a plaintiff to show "an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical." *Wood v. Raffensperger*, 981 F.3d 1307,

1314 (11th Cir. 2020) (citation omitted).  The injury must affect the plaintiff "in a personal and individual way" and not be "abstract."  *Spokeo*, 578 U.S. at 339. Generalized grievances about the conduct of government, "no matter how sincere," cannot support standing.  *Wood*, 981 F.3d at 1314 (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013)).  A generalized grievance is one that is "undifferentiated and common to all members of the public" and alleges an injury to one's general interest in having the government follow the law.  *Wood*, 981 F.3d at 1314.  As the Eleventh Circuit has explained, generalized grievances "are more appropriately addressed in the representative branches."  *State of Alabama v. U.S. E.P.A.*, 871 F.2d 1548, 1555 (11th Cir. 1989).

In *Wood*, the Eleventh Circuit affirmed dismissal of a suit to enjoin certification of the 2020 presidential election results in Georgia based on lack of standing where the plaintiff alleged that certain absentee-ballot and recount procedures in Georgia violated Georgia law.  *Wood*, 981 F.3d at 1310.  In holding that the plaintiff had alleged an impermissible generalized grievance rather than a particularized injury, the court observed that the plaintiff's interest in compliance with state election laws was no different "from that of any other person" and that "any Georgia voter could [have brought] an identical suit."  *Id.* at 1314.

- 4 -

More recently, in *Swanson v. Sec'y of State*, No. 23-11738, 2024 WL 80577 (11th Cir. Jan. 8, 2024), the Eleventh Circuit similarly affirmed the dismissal of a suit based on lack of standing where the plaintiff alleged that the 2022 U.S. Senate runoff election in Georgia was unconstitutional. *Id.* at *1-*2. There, the plaintiff alleged that the Seventeenth Amendment—providing for the popular election of U.S. Senators—does not apply in Georgia. *Id.* at *1. He claimed that he suffered an "injury in fact" because, due to the alleged unconstitutionality of the election, he was forced to cast an "illegal ballot" that could subject him to criminal prosecution. *Id.* The Eleventh Circuit disagreed, however, explaining that the plaintiff's allegation "amounts to nothing more than a generalized grievance against the government." *Id.* The court identified that the plaintiff could not describe "how his desire to defend the Constitution differs from any of his fellow citizens" or "how the *possible* criminal prosecution is a grievance undifferentiated from everyone else who voted in the election." *Id.* (emphasis in original).

Here, Smith has not identified any specific injury—actual or imminent-- that he has sustained as a result of the SSFA. He has not identified any decrease or loss of benefits that he suffered. At most, he speculates that he may suffer a possible reduction of benefits in the future if the funding of the trust fund is not addressed; however, he implicitly acknowledges the speculative nature of his

alleged injury when he concedes that Congress may take actions in the future to address the funding of the trust fund "such that I am not affected as an individual." *See id.* at 20.  This type of speculative injury is insufficient to satisfy the injury-in-fact component of Article III standing.

Moreover, Smith's alleged injury is not specific to him; he alleges it would be shared by all benefit recipients, including the individuals who would benefit from the SSFA.  He alleges that the government's enactment of the SSFA will cause an "estimated loss to all people 18 and over."  Compl. at 4.  He alleges that "tens [of] millions of citizens who are approaching retirement [and] those in their immediate circle" are harmed by the SSFA.  *See id.* at 7.  He argues that "virtually every American is affected" by the SSFA.  *See id.* at 24.  In short, Smith alleges the type of generalized injury that precludes a finding of injury in fact.

Accordingly, like the plaintiffs in *Wood* and *Swanson*, Smith has failed to allege an "injury in fact" sufficient to confer Article III standing, and his complaint should be dismissed on that basis.

### B. Even if Smith had standing, he has failed to state a claim for a constitutional violation.

Federal Rule of Civil Procedure 12(b)(6) authorizes a party to move to dismiss when the plaintiff has failed to allege facts sufficient to state a claim upon which relief can be granted.  To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Here, Smith does not identify an actionable claim against the United States, let alone allege facts sufficient to support such a claim. Although he appears to challenge the constitutionality of the SSFA, he does not allege any specific constitutional right that has been violated or specific facts that could state a plausible constitutional challenge.  As a result, his complaint must be dismissed on this basis as well.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Smith's complaint for lack of subject matter jurisdiction or, alternatively, for his failure to state a claim upon which relief can be granted.

Respectfully submitted, this 17th day of March, 2025.

RICHARD S. MOULTRIE, JR.
*United States Attorney*

/s/Neeli Ben-David
NEELI BEN-DAVID
*Assistant United States Attorney*
Georgia Bar No. 049788
Richard B. Russell Federal Building
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303
Telephone:  404-581-6000
Facsimile:  404-581-6181
Neeli.ben-david@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the document to which this certificate is attached have been prepared in Book Antiqua font, 13-point type, which is one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C).

This 17th day of March, 2025.

/s/Neeli Ben-David
*Assistant United States Attorney*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the *pro se* plaintiff in this case by depositing a true and correct copy of the same in the United States mail with adequate postage affixed thereto to ensure delivery, addressed as follows:

> Brenton Smith
> 3961 Emerson Street
> Marietta, GA 30062

This 17th day of March, 2025.

/s/Neeli Ben-David
*Assistant United States Attorney*

*Counsel for Defendants*